**UNITED STATES of America,
Plaintiff,**

v.

**Aaron HAYNES, Defendant.**

**No. 01–20247–D.**

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 17, 2003.

Jacob E. Erwin, Howard L. Wagerman, Wagerman Law Firm, Memphis, TN, for Aaron S. Haynes.

Robert L. Hutton, Glankler Brown, PLLC, Memphis, TN, William D. Massey, Massey & Mcclusky, Memphis, TN, for Terance Johnson.

Arthur E. Quinn, the Bogatin Law Firm, Memphis, TN, Paula Skahan, Skahan Law Firm, Memphis, TN, for William O. Maxwell.

Thomas L. Parker, U.S. Attorney's Office, Memphis, TN, for U.S. Attorneys.

ORDER DENYING MOTION TO COMPEL DISCOVERY OF UNITED STATES ATTORNEY'S INITIAL RECOMMENDATION REGARDING INTENT TO SEEK THE DEATH PENALTY

DONALD, District Judge.

On November 21st, 2001, defendant Aaron Haynes filed a motion styled "Motion to Compel Discovery of United States Attor-

ney's Initial Recommendation Regarding Intent to Seek the Death Penalty." The Government responded to that motion on August 14th, 2002.

Defendant contends that disclosure of the United States Attorney's initial recommendation and supporting documentation is necessary to ensure that the death penalty is not imposed in an arbitrary and capricious manner. In the alternative, Haynes asserts that the Court should review the initial recommendation and supporting materials *in camera* to determine if they contain exculpatory information that must be disclosed to the defense under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

 Defendant's motion is not well taken. It is well settled that the Department of Justice Death Penalty Protocol does not create any substantive or procedural rights for defendants. *See U.S. v. Shakir,* 113 F.Supp.2d 1182, 1186 (M.D.Tenn.2000); *Nichols v. Reno,* 931 F.Supp. 748, 751 (D.Colo.), *aff'd,* 124 F.3d 1376 (10th Cir.1997); *United States v. McVeigh,* 944 F.Supp. 1478, 1483–84 (D.Colo.1996). The decision to seek the death penalty and the issuance of the Notice of Intent pursuant to the protocol, are "essentially a prosecutor's charging decision." *Shakir,* 113 F.Supp.2d at 1187. Such prosecutorial discretion to make charging decisions "has repeatedly and consistently been held to be presumptively unreviewable by the courts." *Id.* Furthermore, the Department of Justice Manual states that "it is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforce-

able at law by any party in any matter civil or criminal." *Department of Justice Manual,* § 1–1.100. The Sixth Circuit, relying on this language, has held that the Department of Justice Manual does not create any enforceable procedural or substantive rights for defendants. *See United States v. Myers,* 123 F.3d 350, 355–56 (6th Cir.1997). Therefore, the Court finds that the Protocol does not create any enforceable substantive or procedural rights for the Defendant, and that the United States Attorney's refusal to disclose the initial recommendation and supporting documentation to Defendant is a matter of prosecutorial discretion unreviewable by this Court.[1]

 Finally, the Court declines to entertain Defendant's offer to inspect the U.S. Attorney's initial recommendation and supporting documentation *in camera* for exculpatory information. In his letter to Defendant's counsel dated December 13th, 2001, the U.S. Attorney stated he was aware of his obligations pursuant to *Brady. See* No. 01–20247 D, # 104, 105. The Court expects that both parties will undertake discovery in accordance with the law.[2] Accordingly, Defendant's motion is DENIED.

---

1. It is worth noting that several courts have denied similar motions on the grounds that the death penalty evaluation form and prosecution memorandum are protected by the deliberative process and work product privileges. *See United States. v. Fernandez,* 231 F.3d 1240, 1246–47 (9th Cir.2000); *United*

*States v. Edelin,* 128 F.Supp.2d 23, 39–41 (D.D.C.2001).

2. The *Edelin* Court, *see supra* n., denied a similar request to discover the U.S. Attorney's initial recommendation, on the grounds that the information sought was privileged and, thus, not evidence.